IN THE DISTRICT COURT IN AND FOR
THE DISTRICT OF NEW HAMPSHIRE

ELLEN GRANATA,

Plaintiff,

vs.

ALLY FINANCIAL INC., JOHN DOES I-X,
AND NEW ENGLAND ADJUSTMENT
BUREAU, INC.,

Defendants.

Case No.

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.      Plaintiff Ellen Granata ("Plaintiff") brings this action against Defendants Ally Financial Inc. ("Ally"), John Does I-X ("Does I-X"), and New England Adjustment Bureau, Inc. ("NEAB") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Article 9 of the Uniform Commercial Code ("UCC"), N.H. Rev. Stat. § 382-A:9-101 *et seq.*, N.H. Rev. Stat. § 358-C, and N.H. Rev. Stat. § 358-A.

### JURISDICTION AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

**PARTIES**

4.     Plaintiff is a natural person who at all relevant times resided in Seabrook, New Hampshire.

5.     Plaintiff is alleged to owe a debt to Ally.

6.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.     Ally is a California corporation that regularly takes assignment of motor vehicle retail installment sales contracts.

8.     Plaintiff is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained.

9.     Does I-X are persons or entities that at all relevant times were repossession agents working at the behest of Ally.

10.     At all relevant times, Does I-X were persons or entities using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

11.     Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

12.     NEAB is a New Hampshire corporation that does business in New Hampshire.

13.     At all relevant times, NEAB was acting as a repossession agent working at the behest of Ally and Does I-X.

14.     NEAB is an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

2

15.    NEAB is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and N.H. Rev. Stat. § 358-C:1(VIII).

## FACTUAL ALLEGATIONS

16.    In or around November of 2022, Plaintiff purchased a 2018 Audi Q5 (the "Vehicle") from a non-party.

17.    Plaintiff purchased the Vehicle for her own personal, family, and household purposes.

18.    The Vehicle constitutes "consumer goods" as defined by N.H. Rev. Stat. § 382-A:9-102(a)(23).

19.    In connection with the purchase, Plaintiff executed a retail installment sales contract (the "RISC").

20.    The RISC was subsequently assigned to Ally.

21.    In connection with the purchase and RISC, Ally was granted a security interest in the Vehicle.

22.    The Vehicle is "collateral" as defined by N.H. Rev. Stat. § 382-A:9-102(a)(12).

23.    Ally is a "secured party" as defined by N.H. Rev. Stat. § 382-A:9-102(a)(73).

24.    On or before April 5, 2023, Ally engaged the services of Does I-X to repossess the Vehicle.

25.    Does I-X, in turn, hired NEAB to actually repossess the Vehicle.

26.    On April 5, 2023, NEAB went to Plaintiff's home to repossess the Vehicle.

27.    At this time, Plaintiff was seated in the Vehicle with the engine running.

28.    NEAB suddenly collided with the Vehicle, forced a tow bar under the Vehicle's wheels, and lifted the Vehicle while Plaintiff occupied it.

29. Plaintiff, terrified, emerged from the vehicle and protested the repossession.

30. NEAB continued the repossession over Plaintiff's protest.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**DOES I-X AND NEAB**

31. Plaintiff repeats and re-alleges each factual allegation above.

32. New Hampshire law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." N.H. Rev. Stat. § 382-A:9-609.

33. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

34. A repossession agent's use of force is a breach of the peace.

35. By colliding with the Vehicle and lifting it while Plaintiff occupied it, Defendant used force on the body of Plaintiff and breached the peace.

36. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

37. Plaintiff confronted NEAB employee and protested the repossession.

38. Once Plaintiff protested the repossession, NEAB lost the right to continue with the repossession.

39. Nonetheless, NEAB continued with its repossession and thereby breached the peace.

40. A repossession agent's breach of the peace negates a right to possession.

41. When NEAB breached the peace, it lost right to possession of the Vehicle.

42. Nonetheless, NEAB continued with the repossession.

43.     NEAB violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where there was no present right to possession of the property, and where the property was exempt by law from such dispossession or disablement.

44.     Does I-X, as the debt collectors that hired NEAB, are liable for NEAB's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that NEAB violated 15 U.S.C. § 1692f(6)(A);

b)   Adjudging that Does I-X, as the debt collectors that hired NEAB, are liable for NEAB's FDCPA violation;

c)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

d)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g)   Awarding such other and further relief as the Court may deem proper.

### COUNT II
### VIOLATION OF N.H. REV. STAT. § 358-C:2
### DOES I-X AND NEAB

45.     Plaintiff repeats and re-alleges each factual allegation above.

46.     New Hampshire law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." N.H. Rev. Stat. § 382-A:9-609.

5

47.     However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

48.     A repossession agent's use of force is a breach of the peace.

49.     By colliding with the Vehicle and lifting it while Plaintiff occupied it, NEAB used force on the body of Plaintiff and breached the peace.

50.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

51.     Plaintiff confronted NEAB employee and protested the repossession.

52.     Once Plaintiff protested the repossession, NEAB lost the right to continue with the repossession.

53.     Nonetheless, NEAB continued with its repossession and thereby breached the peace.

54.     A repossession agent's breach of the peace negates a right to possession.

55.     When NEAB breached the peace, it lost right to possession of the Vehicle.

56.     Nonetheless, NEAB continued with the repossession.

57.     NEAB violated N.H. Rev. Stat. § 358-C:2 by using force or violence during its repossession.

58.     NEAB violated N.H. Rev. Stat. § 358-C:2 by threatening to take any unlawful action during its repossession.

59.     Does I-X, as the debt collectors that hired NEAB, are liable for NEAB's violations of N.H. Rev. Stat. § 358-C:2.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that NEAB violated N.H. Rev. Stat. § 358-C:2;

b) Adjudging that Does I-X, as the debt collectors that hired NEAB, are liable for NEAB's violations of N.H. Rev. Stat. § 358-C:2;

c) Awarding Plaintiff the greater of actual damages or $1,000.00, pursuant to N.H. Rev. Stat. § 358-A:10(I);

d) Awarding Plaintiff as much as 3 times, but not less than 2 times, the greater of actual damages or $1,000.00;

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. § 358-A:10(I);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF N.H. REV. STAT. § 382-A:9-609**
**ALLY**

60.     Plaintiff repeats and re-alleges each factual allegation above.

61.     NEAB violated N.H. Rev. Stat. § 382-A:9-609(b)(2) by breaching the peace during the repossession of Plaintiff's Vehicle.

62.     Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral.

63.     Ally's repossession agents breached the peace by continuing the repossession in the face of Plaintiff's confrontation and protest.

64.     Ally violated N.H. Rev. Stat. § 382-A:9-609(b)(2) when its repossession agents breached the peace during their repossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Ally violated N.H. Rev. Stat. § 382-A:9-609(b)(2);

b) Awarding Plaintiff damages pursuant to N.H. Rev. Stat. § 382-A:9-625;

c) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

d) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

65.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted September 8, 2023.

Respectfully submitted,
**ELLEN GRANATA**

By: /s/ Kyle McDonald
Kyle McDonald Esq.
NHBN: 266712
Law Office of Kyle McDonald Esq., P.L.L.C.
2 Whitney Road, Suite 11
Concord, NH 03301
(603) 753-4033
kyle@ThompsonConsumerLaw.com

*Co-counsel with THOMPSON CONSUMER LAW GROUP, PC*

11445 E. Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
TCLG@ThompsonConsumerLaw.com

8